# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Yousef Elamri Kadmiri and Miriam Elamri Kadmiri,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>MGM Grand International, et al.,<br><br>　　　　　Defendants. | Case No. 2:25-cv-01693-RFB-DJA<br><br>**Order** |

　　　Pro se Plaintiff Yousef Elamri Kadmiri filed an application to proceed *in forma pauperis* (which means, to proceed without paying the filing fee). (ECF No. 1). However, Yousef's[1] application is missing certain information. The Court thus denies Yousef's application without prejudice.

　　　Additionally, pro se Plaintiff Miriam Elamri Kadmiri has not filed an application to proceed *in forma pauperis*. But Miriam must file her own application if she wishes to proceed in this action without paying the filing fee. So, the Court will give Miriam thirty days to file a separate application.

**I.　　Yousef's application.**

　　　Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235

---

[1] The Court refers to Yousef Elamri Kadmiri and Miriam Elamri Kadmiri using their first names because they share the same last name.

(9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

On the application, Yousef claims to makes no money from employment or any other source. Yousef also claims to have no bills of any kind. However, on the docket, Yousef includes an address. The Court takes judicial notice of the fact that public records reveal the address is a home. Yousef does not provide any details in the application regarding how he pays rent or a mortgage, how he pays utilities or other bills, or how he lives considering his claim to have no money and no bills.

In response to question 5, Yousef indicates that he has two non-operating vehicles. However, he does not answer the remainder of that question because he does not describe the vehicles' approximate value. In response to question 8, Yousef indicates that he has debts from credit cards and medical bills. But Yousef does not respond to the remainder of that question because he does not describe the amounts owed and to whom they are payable.

The Court finds that Yousef has omitted information from the application. As a result, the Court cannot determine whether Yousef qualifies for *in forma pauperis* status. The Court will give Yousef one opportunity to file a complete *in forma pauperis* application. The Court further orders that Yousef may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Yousef also may not leave any questions blank. Yousef must describe each source of money that he receives, state the amount he received, and what he expects to receive in the future.

The Court denies Yousef's *in forma pauperis* applications without prejudice. The Court gives Yousef 30 days to file an updated application. Yousef must fully answer all applicable questions and check all applicable boxes. Yousef may alternatively pay the filing fee in full.

## II.     Miriam must file her own application.

Although both Yousef and Miriam bring this action, only Yousef has applied to proceed *in forma pauperis*. However, "[w]here there are multiple parties in a single action, the plaintiffs may not proceed in forma pauperis unless all of them demonstrate inability to pay the filing fee." *Martinez v. Lutz*, No. 1:18-cv-00999-DAD-SKO, 2018 WL 3924266, at *1 (E.D. Cal. Aug. 14, 2018) (citation omitted); *see also Anderson v. California*, No. 10-cv-2216-MMA-AJB, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) ("[A]lthough only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for [in forma pauperis] status."). So, if Miriam wishes to proceed in this action without paying the filing fee, she must each file her own application to proceed *in forma pauperis*.

**IT IS THEREFORE ORDERED** that Yousef's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Yousef and Miriam have until **October 10, 2025,** to each file their own individual applications to proceed *in forma pauperis* as specified in this order or pay the filing fee. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Yousef and Miriam a copy of this order and two copies of the Short Form application to proceed *in forma pauperis* and its instructions.[2]

DATED: September 10, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.